HSBC Bank USA, N.A. v Palmore

2026 NY Slip Op 03152

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

HSBC Bank USA, National Association, etc., respondent,

v

Heather Palmore, et al., appellants, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2023-07199, 2023-10172, (Index No. 11748/13)

Mark C. Dillon, J.P.

Lara J. Genovesi

Donna-Marie E. Golia

Phillip Hom, JJ.

The Law Offices of Charles Wallshein, PLLC, Melville, NY, for appellants.

Gross Polowy LLC (Reed Smith LLP, New York, NY [Andrew B. Messite and James N. Faller], of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to foreclose a mortgage, the defendants Heather Palmore and Helisse D. Palmore appeal from (1) an order of the Supreme Court, Suffolk County (Susan Betsy Heckman Torres, J.), dated May 22, 2023, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered September 12, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, and denied the cross-motion of the defendants Heather Palmore and Helisse D. Palmore for leave to renew (1) their opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against them, to strike their answer, and for an order of reference, which had been granted in two orders of the same court (Howard H. Heckman, Jr., J.) both dated October 13, 2020, and (2) their prior cross-motion for summary judgment dismissing the complaint insofar as asserted against them, which had been denied in the first order dated October 13, 2020. The order and judgment of foreclosure and sale, insofar as appealed from, granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the subject property.

ORDERED that the appeal from the order dated May 22, 2023, is dismissed; and it is further,

ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, the cross-motion of the defendants Heather Palmore and Helisse D. Palmore for leave to renew their opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against them, to strike their answer, and for an order of reference, and their prior cross-motion for summary judgment dismissing the complaint insofar as asserted against them is granted, upon renewal, so much of the first order dated October 13, 2020, as granted those branches of the prior motion and denied the prior cross-motion is vacated, so much of the second order dated October 13, 2020, as granted those branches of the prior motion is vacated, and thereupon those branches of the prior motion are denied and the prior cross-motion is granted, and the order dated [*2]May 22, 2023, is modified accordingly; and it is further,

ORDERED that one bill of costs is awarded to the defendants Heather Palmore and Helisse D. Palmore.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).

On April 29, 2013, the plaintiff commenced this action against the defendants Heather Palmore and Helisse D. Palmore (hereinafter together the defendants), among others, inter alia, to foreclose a mortgage on certain real property located in Wyandanch. The defendants interposed an answer.

In July 2019, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. In support, the plaintiff submitted an affidavit from Matthew Joseph Julian, a vice president of loan documentation for Wells Fargo Bank, N.A. (hereinafter Wells Fargo), the plaintiff's loan servicer, and an affidavit of mailing from Ann Gleason Majors, also a vice president of loan documentation for Wells Fargo. Annexed to the affidavits were copies of a 90-day notice dated April 19, 2012, jointly addressed to the defendants and various proofs of mailing.

The defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them, arguing, inter alia, that the plaintiff failed to comply with RPAPL 1304. In support, the defendants submitted an affirmation from Heather in which she stated that the 90-day notice she received was mailed in a single envelope and "was collectively addressed to [her]self and [Helisse]." The plaintiff opposed the cross-motion.

In an order dated October 13, 2020, the Supreme Court granted the plaintiff's motion and denied the defendants' cross-motion. In a second order dated October 13, 2020, the court granted the plaintiff's motion and referred the matter to a referee to compute the amount due to the plaintiff.

In August 2022, the plaintiff moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. The defendants cross-moved for leave to renew their opposition to those branches of the plaintiff's prior motion which were for summary judgment dismissing the complaint insofar as asserted against them, to strike their answer, and for an order of reference and their prior cross-motion for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff opposed the cross-motion. In an order dated May 22, 2023, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, and denied the defendants' cross-motion for leave to renew. In an order and judgment of foreclosure and sale entered September 12, 2023, the court granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the property. The defendants appeal.

RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20), and "the plaintiff has the burden of establishing satisfaction of this condition" (U.S. Bank N.A. v Nahum, 232 AD3d 715, 716 [internal quotation marks omitted]). "[T]he mailing of a 90-day notice jointly addressed to two or more borrowers in a single envelope is not sufficient to satisfy the requirements of RPAPL 1304, and . . . the plaintiff must separately mail a 90-day notice to each [*3]borrower as a condition precedent to commencing the foreclosure action" (Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126, 134; see Wells Fargo Bank, N.A. v Welz, 239 AD3d 693, 696; HSBC Bank USA, N.A. v Schneider, 216 AD3d 1148, 1149).

"'A motion for leave to renew is the appropriate vehicle for seeking relief from a prior order based on a change in the law,' including, a clarification of decisional law" (Sharan v Christiana Trust, 219 AD3d 1549, 1551, quoting Dinallo v DAL Elec., 60 AD3d 620, 621; see CPLR 2221[e][2]). Here, in cross-moving for leave to renew, the defendants properly relied on Wells Fargo Bank, N.A. v Yapkowitz (199 AD3d 126), decided on September 29, 2021, in which this Court held, for the first time, that a plaintiff "must separately mail a 90-day notice to each borrower as a condition precedent to commencing the ... action" (id. at 134).

Moreover, the defendants established that the plaintiff failed to comply with RPAPL 1304 since it is undisputed that a jointly addressed 90-day notice, rather than individually addressed notices in separate envelopes, was sent to the defendants (see HSBC Bank USA, N.A. v Bott, 227 AD3d 782, 784; HSBC Bank USA, N.A. v DiBenedetti, 205 AD3d 687, 690). Contrary to the plaintiff's contention, the requirement that each borrower be sent an individually addressed 90-day notice in a separate envelope does not run afoul of the Court of Appeals' holding in Bank of Am., N.A. v Kessler (39 NY3d 317), as it is a "workable rule that balances the practical considerations of the lender and borrower in a way that best advances the clear statutory purpose [of RPAPL 1304]" (id. at 328).

The defendants' remaining contention need not be reached in light of our determination.

Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, granted the defendants' cross-motion for leave to renew, and, upon renewal, denied those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against them, to strike their answer, and for an order of reference, and granted the defendants' prior cross-motion for summary judgment dismissing the complaint insofar as asserted against them.

DILLON, J.P., GENOVESI, GOLIA and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court